

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-4-2007

# Sever v. Postmaster General

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4538

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Sever v. Postmaster General" (2007). *2007 Decisions.* Paper 1356.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1356

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-4538

RAYMOND SEVER,
                                        Appellant

v.

POSTMASTER GENERAL WILLIAM J.
HENDERSON; ROBERT SPAULDING, Postmaster or
OIC; JEFF RUTH, Post Office Operations Manager

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 00-cv-01271)
District Judge:  Honorable Thomas I. Vanaskie

Submitted Under Third Circuit LAR 34.1(a)
November 13, 2006

BEFORE: BARRY, CHAGARES and ROTH, <u>CIRCUIT JUDGES</u>

(Filed:  April 4, 2007)

OPINION

PER CURIAM

        Raymond Sever appeals the order of the United States District Court for the

Middle District of Pennsylvania granting summary judgment in favor of the Postmaster

General. We will affirm the District Court's order.

I.

Sever began working for the United States Postal Service in 1980. On March 14, 1994, he received a letter from Honesdale Postmaster Robert Spaulding citing his failure to follow instructions and his "willful delay of accountable mail," and warning him that future deficiencies might result in suspension, reduction in pay or grade, or removal. According to Sever's fellow employee, David Rollison, approximately one hour after receiving the warning letter, Sever discussed the matter with Rollison, and Sever said that if he were dismissed from the Postal Service, he would "buy a gun and come back." Sever contends that he never said this.

On March 15, 1994, Sever held his hand in the shape of a gun, and several times pointed his finger toward Spaulding and/or another supervisor, Edward DeGroat. While making these gestures, Sever made noises as if firing a gun. While Sever admits to gesturing, he disputes the number of times and contends that he never said "pow pow." That same day, Sever was placed on "off duty, without pay" status because of the gestures. DeGroat says that, before Sever left the facility, Sever told DeGroat that this was the first time in his life he felt that he could hurt someone. On March 24, 1994, Sever and his attorney met with Spaulding. At the meeting, Sever's lawyer informed Spaulding of Sever's treating psychiatrist's "initial findings of Post-Traumatic Stress symptoms," and asked that no adverse employment decision be made until the psychiatrist could further evaluate Sever's condition. Sever requested that his position be

2

held open until medical evaluation was complete, and offered to make the doctor's findings and reports available to postal management. It is unclear if the defendants ever received the medical reports.

On April 4, 1994, the Postal Service issued a letter terminating Sever, citing Sever's gestures and statements referencing violence as the reason.[1] At his deposition, Spaulding testified that he was solely responsible for the decision to fire Sever, and that he was not aware that Sever labored under any mental disability at the time that he fired him. After Sever was fired, he unsuccessfully pursued a discrimination complaint with the EEOC, and was advised of his right to file a civil action. On July 17, 2000, Sever brought suit pursuant to the Rehabilitation Act, 29 U.S.C. § 701 et seq., alleging employment discrimination due to his disability. The District Court denied the defendants' initial motion for summary judgment, which argued failure to exhaust administrative remedies, and the parties engaged in limited discovery. Both Sever and the defendants filed motions for summary judgment.

In supporting his motion for summary judgment, and opposing the defense motion, Sever relied upon two affidavits by a Dr. Boriosi, one given more than seven years and the other more than ten years after Sever was fired. Dr. Boriosi indicates that it was his "initial" view that Sever had symptoms "similar to post traumatic stress disorder." Then,

---

[1] For these same actions, Sever was convicted in the Middle District of Pennsylvania of influencing, impeding, or retaliating against a federal officer by threatening, in violation of 18 U.S.C. § 115.

his further observation and analysis led him to diagnose Sever with obsessive compulsive disorder (OCD). Although the time frame of Boriosi's conclusions is uncertain, it is clear that Sever was not under Boriosi's care until after the gesturing incident took place. The defendants contend that these statements by Dr. Boriosi relate only how Sever's condition affected him at the time of Boriosi's affidavits (in 2001 and 2004), and that Boriosi did not give any opinion at all as to Sever's condition during the time leading up to his termination. Sever contends that Boriosi opines that Sever was suffering from OCD at the time of his removal.

The District Court granted the defendants' motion for summary judgment and denied Sever's motion. Sever now appeals.

II.

This Court has jurisdiction under 28 U.S.C. § 1291, and we exercise plenary review over the decision to grant summary judgment. See Torres v. Fauver, 292 F.3d 141, 145 (3d Cir. 2002). We must determine whether the record, when viewed in the light most favorable to Sever, shows that there is no genuine issue of material fact and that the Postmaster General was entitled to judgment as a matter of law. See id.; Fed. R. Civ. P. 56.

The Rehabilitation Act of 1973 applies only to federal employers and employers who receive federal funding, and prohibits discrimination against persons with disabilities in matters of hiring, placement, or advancement. See Shiring v. Runyon, 90 F.3d 827, 830-31 (3d Cir. 1996). Claims of employment discrimination in violation of the

4

Rehabilitation Act are governed by the standards of the Americans with Disabilities Act. See 29 U.S.C. § 794(d); Shiring, 90 F.3d at 831-32. In order to establish a prima facie case of employment discrimination, an employee must demonstrate that he or she, (1) has a disability, (2) is otherwise qualified to perform the essential functions of the job, and (3) has suffered an adverse employment action because of his or her disability. See Shiring, 90 F.3d at 831. Under the ADA, a "disability" is defined as: (A) a physical or mental impairment that substantially limits one or more of the major life activities of an individual, (B) a record of such impairment, or (C) being regarded as having such an impairment. See 42 U.S.C. § 12102(2). If the employee makes out a prima facie case of discrimination, the employer may prevail by demonstrating a legitimate, non-discriminatory reason for the adverse action. See Salley v. Circuit City Stores, Inc., 160 F.3d 977, 981 (3d Cir. 1998).

In granting the defendants' motion for summary judgment, the District Court concluded that (1) Sever failed to present evidence that his alleged mental disorder substantially limited any major life activity at the time he was fired, (2) Sever failed to show that the defendants knew or had reason to know that he was substantially limited in a major life activity at the time they determined that he should be fired for his threatening conduct, and (3) the defendants did not violate the Rehabilitation Act by firing Sever for misconduct. Because the District Court's third conclusion is sufficient to support summary judgment in favor of the Postmaster General, we need not reach the question of whether Sever has shown sufficient evidence that he was disabled at the time of the

5

alleged act of discrimination.

Even if Sever has established a prima facie case of discrimination, the Postmaster General proffered a legitimate, non-discriminatory reason for removing him from his position. The Postmaster General's evidence shows that Sever was terminated because of his inappropriate workplace behavior, specifically, the threats of violence made against his co-workers. This misconduct was severe enough to result in a criminal conviction for threatening a federal officer. Because Sever fails to present any evidence from which a fact finder could reasonably conclude that the stated reasons for his firing are pretextual, the District Court properly granted summary judgment in favor of the Postmaster General. See Salley, 160 F.3d at 981.

Moreover, even assuming that Sever suffers from a disability, his employer may nevertheless hold him to certain "qualification standards," including the requirement that an individual not pose a direct threat to the health or safety of other individuals in the workplace. See 42 U.S.C. § 12113(b). Though an employer is prohibited from discharging an employee based on his disability, the employer is not prohibited from discharging an employee for misconduct, even if that misconduct is related to his disability. See Jones v. American Postal Workers Union, 192 F.3d 417, 429 (4th Cir. 1999) (ADA was not violated when Postal Service discharged employee suffering from schizophrenia and post traumatic stress syndrome who threatened to kill a co-worker); Fullman v. Henderson, 146 F. Supp. 2d 688, 699 (E.D. Pa. 2001) (even assuming employee disability, ADA was not violated when employee was discharged for filing a

6

false workers' compensation claim), aff'd, 29 Fed. Appx. 100 (3d Cir. 2002) (table).

Accordingly, the defendants did not commit unlawful discrimination by terminating Sever

for his misconduct.

Therefore, we will affirm the judgment of the District Court.